FILED
United States Court of Appeals
Tenth Circuit

May 13, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ROCIO BARRAZA,

    Defendant-Appellant.

No. 07-2296
(D.C. No. 2:03-CR-01143-JAP-2)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **McCONNELL**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.

---

**I.  INTRODUCTION**

Defendant-appellant Rocio Barraza appeals her convictions for transporting and harboring illegal aliens.  She asserts that a witness's out-of-court statement was admitted at trial in violation of the Confrontation Clause of the Constitution.  We have jurisdiction under 28 U.S.C. § 1291.  Because any Confrontation Clause error was harmless beyond a reasonable doubt, we affirm.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## II. BACKGROUND

Ms. Barraza was a passenger in a van stopped at a border checkpoint. Five people were found hidden in a compartment underneath the van's back seat. No narcotics were found.

Border Patrol Agent Manuel Martinez was present during the stop. He testified that one of the five hidden individuals spoke "some English." None of the five people had documentation allowing them to be in the United States. Agent Martinez testified that, in terms of physical documents or material found, there was no evidence that the individuals were legally present in the United States.

Further, during Agent Martinez's testimony, a statement signed by one of the van compartment's passengers, Rafael Delgado-Cedillo, was admitted. The statement was prepared during an interview with Agent Martinez, and in the statement Mr. Delgado-Cedillo stated that he was a Mexican citizen that was born in Mexico.

Another one of the hidden compartment's passengers, Francisco Garcia-Padilla, testified that he was an illegal alien. He explained that when the van was approaching the border patrol checkpoint he was told to get into the compartment and to not make any noise. The compartment was "real close" and had "no air."

Ms. Barraza was convicted of transporting and harboring Mr. Delgado-Cedillo and Mr. Garcia-Padilla, illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (iii). She now appeals.

## III. DISCUSSION

Ms. Barraza argues that the admission of Mr. Delgado-Cedillo's signed statement violated her rights under the Constitution's Confrontation Clause. She further argues that the admission was not harmless and in its absence she would have been acquitted on all counts. The government concedes that the statement's admission was error, but asserts that Ms. Barraza failed to properly object to its admission. We need not decide whether Ms. Barraza properly objected. Assuming that she objected and that the statement's admission was error, that error is not reversible because it was harmless beyond a reasonable doubt.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. Confrontation Clause violations are subject to harmless error analysis. *United States v. Chavez*, 481 F.3d 1274, 1277 (10th Cir. 2007). The beneficiary of a constitutional error must prove beyond a reasonable doubt that the error complained of did not contribute to the guilty verdict. *Id.* We review the record *de novo*. *Id.*

In assessing harmless error, we look to the context in which the statement was admitted, how it was used at trial, and how it compares to the properly admitted evidence. *Id.* Several factors are helpful in determining whether a Confrontation Clause violation amounts to harmless error. Among these factors are (1) the importance of the testimony in the prosecution's case, (2) the cumulative nature of

the testimony, (3) the presence or absence of corroborating or contradictory testimony, (4) the extent of cross-examination otherwise permitted, and (5) the overall strength of the prosecution's case. *Id.*

After reviewing the record, we are convinced that any Confrontation Clause error was harmless beyond a reasonable doubt. First, Mr. Delgado-Cedillo's statement was presented to the jury only once during the trial. Further, the parties did not refer to the statement during their opening or closing arguments for its bearing on the question of whether Mr. Delgado-Cedillo was an illegal alien.

Second, Mr. Delgado-Cedillo's statement that he was a Mexican citizen born in Mexico was unessential in proving his or Mr. Garcia-Padilla's status as an illegal alien. Even without the statement, the government had a strong case. Mr. Delgado-Cedillo and Mr. Garcia-Padilla hid in a compartment under the back seat of a van as that van approached a Border Patrol checkpoint. The compartment was "real close," had "no air," and contained three other people. Only one of the five spoke "some English." Mr. Garcia-Padilla admitted that he was an illegal alien. Agent Martinez testified that, in terms of physical documents or material found, there was no evidence that the individuals were legally in the United States. Further, no narcotics were discovered, excluding an alternative reason that Mr. Delgado-Cedillo or Mr. Garcia-Padilla would have hidden.

Third, no evidence was admitted that would contradict the proposition that Mr. Delgado-Cedillo was a Mexican citizen born in Mexico. Therefore, we conclude that

any Confrontation Clause error in admitting Mr. Delgado-Cedillo's statement was harmless beyond a reasonable doubt.

## IV.  CONCLUSION

We conclude that the admission of Mr. Delgado-Cedillo's signed statement was harmless beyond a reasonable doubt.  Accordingly, we **AFFIRM**.

Entered for the Court,


William J. Holloway, Jr.
Circuit Judge